**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**PATRICIA M. MONAGHAN,**

      Plaintiff,

v.                                                               No. CIV 00-1242 BB/RLP

**COMPASS BANK, WESTERN BANK, and EASTHAM, JOHNSON, MONNHEIMER & JONTZ, P.C.,**

      Defendants.

**MEMORANDUM OPINION
AND
ORDER DENYING REMAND**

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand [doc. 13] and Plaintiff's Conditional Motion for Leave to File First Amended Complaint [doc. 12]. The Court having fully considered the briefs of counsel and being fully advised, FINDS the motion to remand should be Denied, making the second conditional motion Moot.

*Facts*

Plaintiff opened a bank account at Western Bank in March 1998. In July 1998, Western Bank deposited $127,842.24 into Plaintiff's account. Plaintiff had received smaller wire transfers into this account from her ex-husband on prior occasions and alleges she assumed this was the same..

Western was merged into an Alabama bank, Compass (the "Bank"), in January 2000. The Bank discovered the erroneous deposit in April 2000, but did not contact Plaintiff until June 2000 when the President of Western (and Vice President of Compass) called Plaintiff and promised documentation detailing the error. On June 14, 2000, Plaintiff received two documents. The same day she got a phone call from Dennis Jontz of Eastham Johnson Monnheimer & Jontz (the "Law Firm") asking Plaintiff to call him. Plaintiff alleges when she returned the call, Jontz told her that the Law Firm was acting for the Bank and that rather than just sending her a written demand for its repayment, he wanted to personally ask her to repay the two-year old deposit. He allegedly stated that the law was "very clear" and that Plaintiff would have no choice but to repay the Bank the $127,842.24.

On June 21, 2000, Plaintiff sent the Law Firm a letter asking for more information. On July 1, 2000, Plaintiff received the Law Firm's reply by certified mail directing her to make arrangements to repay the full amount by July 9.

Plaintiff filed this suit in state court seeking a declaratory judgment that she should not have to repay the Bank. She also asserts claims against the Bank for breach of fiduciary duty and good faith and fair dealing requirements. Plaintiff further seeks recovery for the Bank's negligence and negligent misrepresentation. She alleges both the Bank and the Law Firm violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the New Mexico Unfair Practices Act, NMSA 1978 § 57-12-10 (2000 Repl. Pamp.). The Law Firm removed this case to federal court on August 25, 2000.

### *Position of the Parties*

Plaintiff has moved to remand her claims against Compass Bank to the state court based on the premise that those claims are not part of the same case or controversy as the claims against the Law Firm, and that the former claims are not within the supplemental jurisdiction of the Court. Finally, Plaintiff argues that even if the Court should determine it has supplemental jurisdiction, it should decline to exercise the same because those claims substantially predominate.

**The Bank responds that the Law Firm was not involved, except to collect the Bank's debt, and therefore both claims arise out of the same case or controversy. The Bank also disputes the contention that state claims predominate and points out remand would waste judicial resources as the Bank would then remove the claim on diversity grounds.**

*<u>Discussion</u>*

**Plaintiff's complaint describes the erroneous deposit and her reliance on the deposit as valid. In her first count, Plaintiff seeks a declaration that the money is rightfully hers and that she should be protected against further collection efforts. The majority of Plaintiff's complaint, however, focuses on the Bank's request for the return of the money directly and through the Law Firm, and why such conduct is wrongful and in bad faith. This is the factual predicate for Plaintiff's claims under the Fair Debt Collection Act as well as for breach of fiduciary duty, negligence, negligent misrepresentation, unfair trade practices and the covenant of good faith and fair dealing. It is this combined collection effort which Plaintiff alleges violates both state and federal law. A federal court may exercise jurisdiction if state theories derive from what is essentially a single claim revolving around a central fact pattern.** *White v. County of Newberry,* **985 F.2d 168 (4th Cir.**

1993); *Newman v. Checkrite California, Inc.*, 912 F. Supp. 1354 (E.D. Cal. 1995). This is such a claim.

Defendant's position in this regard is reinforced by analyzing the procedural and practical aspects of the case. It is obvious the same discovery will be required for both the state and federal claims relating to the collection effort. Moreover, at trial the same documents and evidence will be relevant to all the claims based on the impropriety of the collection effort by both Defendants. This is generally a substantial factor in determining whether a federal court should exercise its discretion to sustain supplemental jurisdiction. *Moor v. Alameda County*, 411 U.S. 693 (1973); *Daniels v. Board of Trustees*, 841 F. Supp. 363 (D. Kan. 1993). While the Fair Debt Collection Act claim is viable,[1] then, the Court will exercise its discretion to preserve judicial resources. *See United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1220 (10th Cir. 2000) (once federal jurisdiction exists, court has discretion to exercise supplemental jurisdiction).

The inquiry into whether state law claims predominate is a qualitative rather than a quantitative assessment involving the complexity of the claims and the

---

[1] The Bank implies that the deposit and subsequent demand for its return may not qualify as a "debt" within the Fair Debt Collection Act. Dismissal of this claim may alter the Court's jurisdictional analysis substantially. *Money v. Great Bend Packing Co.*, 783 F. Supp. 563 (D. Kan. 1992).

amount of judicial resources necessary to resolve state and federal issues.  1 FED. PROC., L. ED. § 1:41 (1995 ed.).  Under 28 U.S.C. § 1367(c), the inquiry does not focus on whether the number of state law claims exceeds the number of federal claims. *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 789-90 (3d Cir. 1995) ( "substantially predominate" standard is not met simply by a numerical count of the state and federal claims plaintiff chooses to assert on the basis of the same set of facts). Instead, the focus is whether proof of a state law claim expands the scope of the case beyond the underlying federal claim.  *Gard v. Teletronics Pacing Systems, Inc.*, 859 F. Supp. 1349, 1352-53 (D. Colo. 1994). Indeed, as noted above, the factual inquiry as to the collection will involve many of the same witnesses and documents.  Nor at this time does the Court anticipate the necessity to transgress the boundaries of federalism by invading areas of uniquely state concern in resolving these claims. *See* FED. PROC. § 1:41.

Plaintiff, however, argues that the lawsuit really involves two distinct claims.  One that the Bank has no right to the money and the second for the numerous alleged legal transgressions in the collection effort. This analysis has some validity but only the first court deals with whether the crucial deposit was proper.  The majority of the claims and the focus of the lawsuit at this stage is

clearly on the collection efforts of both Defendants. If this changes, the jurisdictional balance may well tilt back to state court.[2]

Plaintiff's motion to amend her complaint is conditional on the Court granting her motion to remand. Since the Court is retaining jurisdiction at this time, the motion to amend is moot and will not be addressed.

### O R D E R

For the above stated reasons, Plaintiff's motion to remand is DENIED making Plaintiff's conditional motion to amend MOOT.

Dated at Albuquerque this 12th day of February, 2001.

BRUCE D. BLACK
United States District Judge

---

[2] Indeed, Plaintiff concedes that "Plaintiff's FDCPA [Fair Debt Collection Practices Act] claim will likely be resolved on summary judgment." Pl.'s Br. Supp. at 5. As noted elsewhere, if that prediction proves accurate, the Court may reexamine jurisdiction. *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343 (1988); *Skerry v. Massachusetts Higher Educ. Assistance Corp.*, 73 F. Supp. 2d 47 (D. Mass. 1999).

**Counsel for Plaintiff:**

    David A. Streubel, Albuquerque, NM

**Counsel for Defendant Banks:**

    W. Spencer Reid, Jacqueline M. Woodcock, Albuquerque, NM

**Counsel for Defendant Law Firm:**

    Kenneth L. Harrigan, Valerie Vigil, Albuquerque, NM