IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

PATRICIA M. MONAGHAN,

       Plaintiff,

v.                                                                  No. CIV 00-1242 BB/RLP ACE

COMPASS BANK, WESTERN BANK, and EASTHAM, JOHNSON, MONNHEIMER & JONTZ, P.C.,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## AFFIRMING MAGISTRATE DISCOVERY ORDER

**THIS MATTER** is before the Court on Plaintiff's appeal from the orders of Magistrate Judge Puglisi directing Plaintiff to make discovery and assessing $500 as a sanction. Having considered the briefs of the parties and entertained oral argument on April 17, 2001, the Court finds the Magistrate's orders will be Affirmed.

### *Discussion*

Under Federal Rule of Civil Procedure 72, nondispositive pretrial orders may be assigned to a United States Magistrate Judge. Within ten days of "being served with a copy of the magistrate's order, a party may serve and file objections to the order."

**Fed. R. Civ. P. 72(2).**[1]  **The district court will then consider these objections "and shall modify or set aside any portion of the magistrate's order found to be <u>clearly erroneous or contrary to law</u>."** *Id.* **(emphasis added).  In order to reverse, a district court should have a definite and firm conviction that a mistake has been committed.** *Young v. Conductron Corp.***, 899 F. Supp. 39 (D.N.H. 1995);** *In re Search Warrants***, 889 F. Supp. 296 (S.D. Ohio 1995).  As was stated from the bench, this Court has no such conviction.**

**Plaintiff's counsel objects to the production of (1) information as to how she spent the $128,000 erroneously deposited into her account; (2) her income tax records; and (3) employment records.  Plaintiff argues that the 2000 amendment to Federal Rule of Civil Procedure 26 is intended to narrow the definition of relevant and prohibit "fishing expeditions."  The Court believes Plaintiff has misread the intent of the amendment as explained in the Committee Note.  The purpose of the change, according to the Committee Note, was "to clarify that information must be relevant to be discoverable, even though inadmissible, and that discovery of such material is permitted if reasonably calculated to lead to the discovery of admissible evidence."  The real effect of the change in the Rule is to broaden the scope of "relevant" – as the term is used in conjunction with "claim or defense."  As the Court noted at oral argument, "relevant" as defined in Federal Rules of Evidence 401, is extremely broad.  The Note further observes that**

---

[1]   It appears Plaintiff failed to timely object to the discovery order, but did timely object to the sanctions.  The Court will nonetheless consider the validity of the discovery order as it is inextricably intertwined with the sanction.

"information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might properly be discoverable." Changing the former "reasonably calculated" language into a definition of "relevant" was, then, designed, according to the Advisory Committee, to prevent it from largely "swallow[ing] any other limitation on the scope of discovery."

As the Court made clear from the bench, information as to how Plaintiff spent the money is clearly relevant to Plaintiff's Fair Debt Collection Practices Act given the definition in 5 U.S.C. § 1692(1)(5). If it was spent for "consumer" purposes, that could be relevant to Plaintiff's claim, and if not, it may be relevant to a defense.

The income tax returns could also clearly be "relevant to the claim" of Plaintiff for lost income, at least at the discovery stage. Fed. R. Civ. P. 26(b)(1). This is true despite Plaintiff's argument that her claim for lost income is based on lost opportunity. *Cf. Shearson Lehman Hutton, Inc. v. Lambros*, 135 F.R.D. 195 (M.D. Fla. 1990) (tax returns may be relevant on how money received was reported, which could be an admission).

While Plaintiff's employment records are less obviously likely to uncover evidence relevant to a claim or defense, they certainly cannot be said to be irrelevant per se. *See Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248 (D. Kan. 1993). Plaintiff correctly notes Judge Puglisi's decision must be judged at the time it was made, but the subsequent disclosures of Plaintiff's employment commendations and bonus for

3

**her expertise in banking matters is illustrative of how such personnel records might be relevant to a claim or defense.**

# O R D E R

**For the above stated reasons, Magistrate Puglisi's orders entered February 1 and 7, 2001, are AFFIRMED.**

**Dated at Albuquerque this 20th day of April, 2001.**

**BRUCE D. BLACK**
**United States District Judge**

**Counsel for Plaintiff:**
    **David A. Streubel, Albuquerque, NM**

**Counsel for Defendants:**
    **W. Spencer Reid, Jacqueline M. Woodcock, Albuquerque, NM**
    **Kenneth L. Harrigan, Valerie V. Vigil, Albuquerque, NM**